BERZON, J.,
concurring:
I would assume—as may well be the case—that the officers’ warrantless initial entry and first protective sweep of the apartment were justified under the exigency or emergency exception. I agree, however, that the second search of the kitchen was not “reasonable to meet the need” of protecting the officers or others from immediate harm, and thus was in violation of the Fourth Amendment. United States v. Snipe, 515 F.3d 947, 952 (9th Cir.2008).
On remand to the district court for consideration of whether the parole search was fatally tainted as fruit of the poisonous tree, it will not matter whether the constitutional violation occurred at the initial entry or the second search of the kitchen. *719 Nothing happened between the initial entry and the search of the kitchen to give the officers more or less reason to believe Harris lived there, I therefore concur in all of the memorandum disposition except for those portions that discuss the initial entry.